**DYKEMA GOSSETT LLP**
Jon D. Cantor (SBN: 91852)
*jdcantor@dykema.com*
Abirami Gnanadesigan (SBN: 263375)
*agnanadesigan@dykema.com*
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Plaintiff
TNG WORLDWIDE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TNG WORLDWIDE, INC., a Michigan Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>NHUNG NGUYEN,<br>d/b/a ALLUREBEAUTI<br><br>  Defendant. | Case No. 2:20-cv-10160-FMO-AGR<br><br>**STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT**<br><br>**The Honorable Fernando M. Olguin**<br>United States Courthouse<br>350 W. 1st Street,<br>Los Angeles, CA 90012<br>6th Floor, Courtroom 6D |

Plaintiff, TNG Worldwide, Inc., and Defendant, Nhung Nguyen, d/b/a AllureBeauti, having advised the Court that they have settled this Civil Action as relates to the claims between them, which compromise and settlement includes among its provisions the entry of injunctive relief, and Plaintiff and Defendant having submitted this Final Judgment and Permanent Injunction to the Court, on full consent as indicated below:

**IT IS HEREBY ORDERED AND ADJUDGED that:**

1. This Court has jurisdiction of the subject matter of the claims asserted herein and the above-named parties to this action.

2. TNG is a manufacturer of beauty products including the ForPro Professional Collection, which is sold to TNG's network of retailers and distributors nationwide, including www.amazon.com. TNG has used the trade name and trademark "ForPro" in interstate commerce continuously since at least as early as 2007, and TNG owns valid rights to the ForPro trade name, trade dress, trademark, and copyrighted images used in marketing For Pro products (the "ForPro Intellectual Property").

3. Defendant is a producer and distributor of beauty products. When selling products, Defendant has used the goodwill of the ForPro Intellectual Property, leading customers into believing they are purchasing authentic ForPro products, when in reality, the customers are purchasing products from Defendant.

4. Defendant, including its predecessors, successors, subsidiaries, owners, parents, partners, joint ventures, affiliates, directors, stockholders, members, managers, officers, agents, servants, employees, attorneys, consultants, insurers, insureds, sureties, and all persons and entities acting in concert with or that are in privity with Defendant, (collectively, "Defendant"), is hereby permanently enjoined and restrained from:

    a. Expanding sales of products using the ForPro Mark, or any trade name, trade dress, or trademarks confusingly similar to the ForPro Mark;

      b.      Infringing TNG's ForPro Intellectual Property;

      c.      Otherwise manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the infringing ForPro products;

      d.      Otherwise using in any manner (including but not limited to, in any search engine sponsored advertisements, URL, and/or website meta tag, page source, or page info) TNG's ForPro Intellectual Property, and/or any reproduction, counterfeit, copy, or colorable imitation or simulation thereof, and/or any spurious designation that is identical to or substantially indistinguishable from the ForPro Intellectual Property, in connection with any product that is imported, distributed, advertised, marketed, offered for sale, and/or sold by Defendant in the United States, and/or imported into the United States, that is not manufactured by or on behalf of TNG; and

      e.      Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above.

5.      Defendant shall also take all reasonable measures to avoid infringing any of Plaintiff's intellectual property rights, including, but not limited to Plaintiff's images, copyrights, trade names, trade dress, and trademarks, in the future.

6.      Within 24 hours after the notice by Plaintiff or identification by Defendant of any images or posts containing content that infringes Plaintiff's intellectual property, Defendant shall also provide notice to any third parties (including, but not limited to, Amazon, Facebook, or any other advertising or online sales platform) to which Defendant provided the infringing content that such content infringes Plaintiff's intellectual property rights, that the third parties are not authorized to use such content, and that the third parties shall cease all use thereof, including distributing, displaying, copying, and creating derivative works therefrom. If Defendant fails to provide such notice within 24 hours, Defendant shall pay to

Plaintiff, as liquidated damages, $15,000 per day for each instance of infringement.

7. All liquidated damages payable hereunder shall be paid to Plaintiff within seven (7) days of the event requiring payment.

8. Within ten (10) days of the entry of this Order, Defendant shall (a) provide written notice to Plaintiff of all websites (including third party websites), applications or physical locations that sell Defendant's products and any other domain name for use with the sale of such products with a registrar that is domiciled in the United States.

9. If Defendant violates any of the terms of this Stipulated Final Judgment and Permanent Injunction, there will be a rebuttable presumption that such violation, and any infringement associated with it, has been, and continues to be, willful. Also, it will be presumed that any such violation causes irreparable harm.

10. This Court shall retain jurisdiction to enforce this permanent injunction.

**IT IS SO ORDERED.**


DATED: <u>November 23</u> , 2020        _____/s/_____

**Honorable Fernando M. Olguin**
**United States District Judge**